Reed and others vs. Wilson.

REED and others, Respondents, vs. WILSON, Executrix, Appellant.

*October 19 — November 5, 1889.*

*(1) Appeal: Return: Presumption as to custody of papers. (2) Estates of decedents: Settlement of accounts of deceased executor: Appealable order.*

1. Upon an appeal to this court from an order made by the circuit court on an appeal from the county court, the clerk of the circuit court, pursuant to a direction by that court, made a return to this court of certified copies of all papers and records pertaining to the appeal which were before the circuit court. *Held,* that it must be presumed that the clerk had lawful custody of the papers and records, so as to make such return, although it appears that, before the notice of the appeal to this court was served, such papers and records had been delivered to the judge of the county court.

2. An order of the county court providing for the filing and settlement of the final account of a deceased executor having been affirmed by the circuit court, this court reversed the order of the latter court and remanded the cause to it with directions to enter an order reversing the order of the county court so far as it required the executrix of said deceased executor to render and settle such account. *Held,* that it was not error for the circuit court further to order that the county court proceed to settle the account under its former order, notice, and citation, so far as the same had not been modified or reversed, and that said executrix appear before the county court and submit to an examination in reference to the matters involved. [Whether such portions of the order are appealable, not determined.]

APPEAL from the Circuit Court for *Iowa* County.

This is a proceeding commenced in the county court, to obtain a settlement of the accounts of Alexander Wilson, deceased, as executor of the last will and testament of John B. Terry, deceased. A former appeal is reported in 73 Wis. 497, and the principal facts are there stated. Additional facts will appear from the opinion herein. This appeal is from so much of an order of the circuit court, made May 31, 1889, as does not in terms reverse the former order of the circuit court (previously appealed from), and does not in terms reverse the order of the county court made August 2, 1888.

For the appellant there were briefs by *Orton & Osborn* and oral argument by *P. A. Orton.*

For the respondents there were briefs by *Spensley & McIlhon* and *W. R. Spooner,* and oral argument by *Calvert Spensley.*

COLE, C. J. A motion was made to dismiss this appeal on two grounds: (1) Because the order is not appealable; and (2) because no proper return has been made to this court within the time required by law.

As to the second ground relied on, it is sufficient to say that we have a return made by the clerk of the circuit court, consisting of certified copies of all papers, files, and records appertaining to the appeal which were before the circuit court, and these certified copies were made and returned pursuant to the order of the circuit court. It is said that all the papers in the case had been theretofore regularly remitted to the county court, so that the clerk of the circuit court could not send up certified copies of the original papers, as they were no longer under his custody and control. It appears that directly after the order appealed from was made, and before notice of appeal was served, the records and papers on which the circuit court

acted had been delivered to the county judge of Iowa county. The judge of the circuit court was of the opinion that sec. 4037, R. S., did not contemplate that the papers and records upon which that court had heard the appeal should be transmitted to the county court, but that only a certified copy of its order or judgment should be transmitted to the county court. However this may be, the clerk of the circuit court was directed to send up certified copies of all papers and records before the circuit court on the hearing and the making of the order appealed from, as the return to this court. The circuit court had undoubted authority to direct the clerk to send on the return to this court copies in lieu of the originals. Sec. 3050, R. S. The clerk of the circuit court has made a return in obedience to this direction, and we must presume he had lawful custody of the papers and records, so as to make it. If the papers and records had been prematurely or improperly passed from his custody, the circuit court could order them back, so as not to defeat or prejudice the right of a party to an appeal. As the case stands, we hold that we have a sufficient return before us.

As to the other ground, we have considerable doubt whether the order is appealable. Only certain portions of the order of May 31, 1889, are appealed from, and they do not seriously affect the appellant or any substantial right of hers. They are quite harmless. Therefore, waiving the question as to their appealability, we will proceed to consider them on the merits.

On the former appeal (73 Wis. 497) this court decided that the county court had no authority under the laws of this state to compel the executrix of the deceased executor of the will of Terry to render and settle the account of her testator as executor of said will. The reasons for this conclusion are fully stated in the opinion by Mr. Justice TAYLOR, and need not be dwelt on here. Consequently this

court reversed the order of the circuit court, which had affirmed the power of the county court to compel the executor of a deceased executor to render and settle the account of the latter. The cause was remanded to the circuit court with instructions to that court to enter an order reversing so much of the order of the county court appealed from as required the executrix to render and file a complete account of her husband as executor of the will of Terry. In the order of May 31, 1889, the circuit court fully complied with and executed the instructions of this court as contained in its *remittitur*. But the circuit court further ordered that the county court proceed according to law under its former order, notice, and citation, so far as the same had not been modified or reversed, and settle the accounts of the executor of the will of Terry; that notice be given of the hearing to all parties interested, and on the day appointed the county court hear the evidence and proofs offered, and thereon state and settle the account of the executor of the will of Terry. It was further ordered that the appellant appear before the county court at this hearing, and submit to an examination in reference to the matters relating to the subject of inquiry.

Now, we are at a loss to understand how the appellant can be injured by this provision in the order. It seems to us clear that she may be required by the county court to appear before it with all books and papers in her possession or under her control, and submit to such an examination, to the end that the county court may state and settle the account of the deceased executor. Parties interested in the Terry estate have the right to have that account made and settled, and the county court can only state and settle it upon proofs produced, which may be documentary evidence or the testimony of witnesses. Any person, therefore, who has any knowledge on the subject, may be called to give testimony, and the appellant, as the representative of the

deceased executor, may give important information bearing upon the matter of the account. At all events we see no valid reason for holding that she should not submit to such examination in this proceeding, and disclose all facts within her knowledge relating to the administration of her husband of the Terry estate. She can do that as well in this proceeding as any other. She may be able to furnish very material facts upon which the account could be stated and settled by the county court.

Her counsel say that the original purpose of the proceeding was to compel her to render and settle the account of a deceased executor, and, as that object has confessedly failed, the entire matter should be dismissed. The proceeding was instituted to obtain a settlement of Wilson's account as executor, on the petition of *Mrs. Reed*, who is interested in the Terry estate. Now, because it has been held that *Mrs. Wilson* could not be compelled to settle that account, it does not follow that the county court has no power to settle it. As was said by Mr. Justice TAYLOR in his opinion, parties desiring to have the account of a deceased executor settled and adjusted must produce the evidence from which the county court may state and settle it, and *Mrs. Wilson* can be called as a witness and be compelled to produce all books, accounts, or other documentary evidence in her possession or under her control, to enable the court to perform that duty. The county court is the proper tribunal to settle the account of the deceased executor, and it has all parties interested in the matter before it, and there is no reason why it should not proceed and accomplish the object originally intended. It would seem idle to dismiss this proceeding and institute some other, and go over the same ground, to reach the result which can be as fully and effectually attained in this as in any other. We think the circuit court was correct in ordering the county court to proceed according to law and settle the ac-

counts of Alexander Wilson as executor of the will of Mr. Terry from the time of his appointment as such executor to the time of his death, and to that end the court should hear the evidence and proofs offered, and consider the same, and thereon state and settle the account. We can perceive no possible objection to thus proceeding in the matter to settle an account which it would seem should have been settled and adjusted before now, and doubtless would have been had not Mr. Wilson died. This is the principal feature in the order which is objected to, and as we think it correct the portions of the order appealed from are affirmed.

*By the Court.*— Ordered accordingly.